UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY CARICOFE, SHAWN THIBODEAUX, JULIE THIBODEAUX, KENNETH HUNNEL, and LEANNE HUNNEL, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>Defendant. | Case No.: 23-CV-1012 TWR (AHG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' UNOPPOSED MOTION TO APPOINT LEAD PLAINTIFFS AND LEAD COUNSEL**<br><br>(ECF No. 4) |

Presently before the Court is the Unopposed Motion to Appoint Lead Plaintiffs and Lead Counsel filed by Plaintiffs Bradley Caricofe, Shawn Thibodeaux, Julie Thibodeaux, Kenneth Hunnel, and Leanne Hunnel in this putative class action. (ECF No. 4, "Mot.") Defendant Ford Motor Company does not oppose the Motion. (*See* Mot. at 3.) Pursuant to Civil Local Rule 7.1(d)(1), the Court deems this matter suitable for determination without oral argument. Having considered Plaintiffs' arguments and the relevant law, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion.

/ / /

# BACKGROUND

Plaintiffs bring this putative class action "individually and on behalf of all persons in the United States who purchased or leased any 2020-present Ford Explorer 2.3L or 3.0L ST vehicle equipped with a rear subframe assembly attached to the vehicle via only one rear axle horizontal mounting bolt." (ECF No. 1, "SAC," ¶ 1.)  Plaintiffs filed their Complaint on May 31, 2023. (*See generally* SAC.)  A similar suit brought on behalf of the same type of class for the same defect in any 2020-present Ford Explorer 2.3L or 3.0L ST vehicle was filed in the Eastern District of Michigan on June 19, 2023. *See Coolidge v. Ford Motor Co.*, No. 2:23-cv-11445-GCS-DRG (E.D. Mich. June 19, 2023).

# DISCUSSION

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "As the Advisory Committee on the Federal Rules of Civil Procedure recognized, substantial resources are often invested by counsel for the putative class at the pre-certification stage." *Friedman v. Guthy-Renker LLC*, No. 2:14-cv-06009-ODW (AGRx), 2016 WL 2758240, at *2 (C.D. Cal. May 12, 2016) (citing Advisory Committee's notes to Federal Rule of Civil Procedure 23(g)).  "This includes conducting extensive discovery, making or responding to motions, and engaging in settlement negotiations." *Id*.  "Thus, where there is 'rivalry or uncertainty' regarding which attorney or law firm is authorized to act on behalf of the putative class . . . appointment of interim class counsel is often appropriate." *Id*. "If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." *In re Google Assistant Priv. Litig.*, No. 19-cv-04286-BLF, 2020 WL 7342713, at *1 (N.D. Cal. Dec. 14, 2020) (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)). "If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment." *Id*. (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)). "In such cases, designation of interim [class] counsel clarifies responsibility for

protecting the interests of the class during precertification activities [such as conducting discovery, making and responding to motions, moving for class certification, and negotiating settlement]." *Id.* (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)); *see Boone v. Amazon.com Servs., LLC*, No. 1:21-cv-00241-ADA-BAM, 2023 WL 3720996, at 1 (E.D. Cal. May 30, 2023).

In determining whether to appoint class counsel, the Court considers the following factors outlined in Federal Rule of Civil Procedure 23(g)(1)(A): (i) "the work counsel has done in identifying or investigating potential claims in the action;" (ii) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (iii) "counsel's knowledge of the applicable law;" and (iv) "the resources that counsel will commit to representing the class." The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also* Fed. R. Civ. P. 23(g)(4) (class counsel must "fairly and adequately represent the interests of the class"). "When one applicant seeks appointment as class counsel, the [C]ourt may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2). "If more than one adequate applicant seeks appointment, the [C]ourt must appoint the applicant best able to represent the interests of the class." *Id.*

Here, Plaintiffs request that their counsel at Capstone Law APC be appointed as interim counsel. (Mot. at 1–3.) Plaintiffs support their request under Rule 23(g) with a single sentence: "Plaintiffs' counsel spent no less than six (6) months thoroughly investigating and brought the original factual legal claims asserted in this case, [are] knowledgeable of the history, facts and allegations made in the present matter due to their extensive investigation, have extensive expertise in litigation of complex cases, including automotive defect and false advertising actions, substantial knowledge of applicable law, and are able and willing to commit the resources necessary to coordinate and prosecute this action to the fullest." (Mot. at 2.) While the Court credits Plaintiffs' counsel's work in investigating the claims in this case and counsel's representation that they are willing and

able to commit all necessary resources to this case, Plaintiffs' counsel has provided no factual support to show they have extensive experience in litigation of class actions or complex cases. (*See* Mot.) Nor has counsel provided any support for their claim that they possess substantial knowledge of the applicable law. (*Id.*) Without such information, the Court cannot properly weigh the Rule 23(g) factors and determine whether Plaintiffs' counsel is adequate under Rule 23(g)(1) and (4).

Plaintiffs have also provided no legal authority for the Court to appoint them as lead Plaintiffs for the putative class prior to class certification nor have they explained how they would adequately represent the interests of the putative class. (*See* Mot.) Plaintiffs have also not explained why appointment as lead Plaintiffs would be necessary if the Court ultimately appoints their counsel as interim lead counsel.

As such, Plaintiffs' Motion to Appoint Lead Plaintiffs and Lead Counsel is **DENIED WITHOUT PREJUDICE** for failure to properly support the Motion.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Unopposed Motion to Appoint Lead Plaintiffs and Lead Counsel. Plaintiffs may file a renewed Motion with proper support <u>no later than fourteen (14) days after the date this Order is electronically docketed.</u>

**IT IS SO ORDERED.**

Dated: July 31, 2023

_____
Honorable Todd W. Robinson
United States District Judge